CLIFTÓN and. IKUTA, Circuit Judges,
concurring in the denial of rehearing:
After careful consideration of this case, including a close review of the decision of the Arizona Supreme Court, State v. Clabourne, 194 Ariz. 379, 983 P.2d 748 (1999) (en banc), we entered a unanimous opinion that concluded that the Arizona. court “gave Clabourne’s mental illness some nonstatutory mitigating weight but ultimately held that the mitigating circumstances were insufficient to warrant lenienr cy.” Clabourne v. Ryan, 745 F.3d 362, 369-70 (9th Cir. 2014). After explaining the basis for our determination that the Arizona Supreme Court had given mitigating weight to Clabourne’s mental deficiencies, we concluded, at 373;
We cannot construe the court to have violated Eddings [v. Oklahoma, 455 U.S. 104, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982) ] by giving Clabourne’s mental health is *754 sues “no weight by excluding such evidence from their consideration.” Eddings, [at 115]. The Arizona Supreme Court’s decision under review was not contrary to federal law, because it considered Clabourne’s mental health condition as mitigating evidence. Eddings requires no more.
Although there have been developments in our court’s precedents since we filed our opinion, none alter our assessment of what the Arizona Supreme Court did in resolving Clabourne’s appeal. We do not doubt the sincerity of Judge Berzon’s current view, but we conclude that our previous analysis of that court’s action, which she joined, remains correct.